IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALAN DAVIS,<br><br>   Plaintiff,<br><br>v.<br><br>XPW WRESTLING INC.,<br><br>   Defendant. | Case No: 5:23-CV-0675 (FJS/ATB)<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

Plaintiff Alan Davis ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against Defendant XPW Wrestling Inc. ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Plaintiff created a photograph of professional wrestling commentator Ron Niemi (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant is a professional wrestling promotion company which owns and operates a social media account on Facebook at www.facebook.com with the name "The XPW Wrestling" ("*FB Account*").

4. Defendant owns and operates a social media account on Instagram at www.instagram.com with the name "thexpwwrestling" ("*IG Account*").

5. Defendant owns and operates a social media account on Twitter at www.twitter.com with the name "@Thexpwwrestling" ("*TW Account*").

6. Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed the Photograph on FB Account, IG Account, and TW Account (hereinafter

1

collectively "*Accounts*") and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

7. Plaintiff Alan Davis is an individual who is a citizen of the State of Florida and maintains a principal place of business in Pinellas County, Florida.

8. Upon information and belief, Defendant XPW Wrestling Inc., is a New York corporation with a principal place of business at 38050 Ledgewood Lane, Clayton in Jefferson County, New York.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

10. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New York.

11. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.** **Plaintiff's Copyright Ownership**

12. Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

13. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

14. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

15. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

16. On December 16, 2018, Plaintiff authored the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

17. Plaintiff published the Photograph by commercially licensing it to EVOLVE Wrestling for the purpose of display and/or public distribution.

18. In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image.

19. On March 11, 2019, the Photograph was registered by the USCO under Registration No. VA 2-142-919.

20. Plaintiff created Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B.      Defendant's Infringing Activity**

21. Upon information and belief, Defendant is the registered owner of the social media Accounts and is responsible for their content.

22. Upon information and belief, Defendant is the operator of the social media Accounts and is responsible for their content.

23. The Accounts are a part of and used to advance Defendant's commercial enterprise.

24. The Accounts are a key component of Defendant's popular and lucrative commercial enterprise.

25. The Accounts serve to advertise and promote Defendant's sponsored wrestling events as well as Defendant's associated merchandise and, upon information and belief, Defendant profits from these activities.

26. On or about October 13, 2022, Defendant displayed the Photograph on the FB Account at URL: https://www.facebook.com/photo.php?fbid=562040022403542&set=pb.100057926485268.-2207520000.&type=3 ("*Infringement 1*"). A copy of a screengrab of FB Account including the Photograph is attached collectively hereto in Exhibit 2.

27. On October 20, 2022, Defendant posted the Photograph to FB Account

("*Infringement 2*").

28. On February 23, 2023, Defendant posted the Photograph to FB Account ("*Infringement 3*").

29. Additionally, Defendant also posted the Photograph to IG Account and TW Account.

30. On October 13, 2022, Defendant posted the Photograph to TW Account ("*Infringement 4*").

31. On October 13, 2022, Defendant posted the Photograph to IG Account ("*Infringement 5*").

32. On October 17, 2022, Defendant posted the Photograph to IG Account ("*Infringement 6*").

33. On November 8, 2022, Defendant posted the Photograph to IG Account ("*Infringement 7*").

34. On November 10, 2022, Defendant posted the Photograph to IG Account ("*Infringement 8*").

35. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Photograph on the Accounts.

36. Plaintiff first observed and actually discovered Infringement 1 on October 13, 2022.

37. Thereafter, Plaintiff, via counsel, notified Defendant on February 28, 2023 by electronic mail of the unlawful use of Plaintiff's Photograph.

38. Despite notification of its unlawful activities, Defendant has continued to utilize Plaintiff's Photograph in furtherance of its commercial activities by which Defendant's continued infringement of Plaintiff's Photograph is willful in nature.

39. Upon information and belief, Plaintiff's Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph (hereinafter all of the unauthorized uses set forth above are referred to as the "*Infringements*").

40. The Infringements each include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific Infringements. *17 U.S.C. §106(5).*

41. The Infringements are exact copies of the vast majority of Plaintiff's original image that was directly copied and displayed by Defendant on the Accounts.

42. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Accounts, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photograph.

43. Upon information and belief, the Photographs were willfully and volitionally posted to the Accounts by Defendant.

44. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

45. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Accounts and exercised and/or had the right and ability to exercise such right.

46. Upon information and belief, Defendant monitors the content on its Accounts.

47. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

48. Upon information and belief, the Infringements increased traffic to the Accounts and, in turn, caused Defendant to realize an increase in the revenues generated via Defendant's sponsored events and/or merchandise sales.

49. Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Accounts.

50. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

51. Defendant's use of the Photograph harmed the actual market for the Photograph.

52. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

53. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringements, 17 U.S.C. §501 et seq.)

54. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

55. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

56. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

57. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

58. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

59. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

60. Upon information and belief, Defendant willfully infringed upon Plaintiff's Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority, by using it on the Accounts.

61. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the

Infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each of the Infringements pursuant to 17 U.S.C. § 504(c).

62. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

63. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

### JURY DEMAND

64. Plaintiff hereby demands a trial of this action by jury.

### PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each Infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre-judgment interest as permitted by law; and

    f.  for any other relief the Court deems just and proper.

DATED: June 7, 2023

                   **SANDERS LAW GROUP**

                   By:  */s/ Craig Sanders*
                   Craig Sanders, Esq.
                   333 Earle Ovington Blvd, Suite 402
                   Uniondale, NY 11553
                   Tel: (516) 203-7600
                   Email: csanders@sanderslaw.group
                   File No.: 126712
                   *Attorneys for Plaintiff*